### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-23-150-SLP |
| | ) | |
| DENNIS HO, D.O., | ) | |
| | ) | |
| Defendant. | ) | |

### **O R D E R**

Before the Court is Defendant's Motion for Early Termination of Probation [Doc. No. 25]. The Government has filed a Response [Doc. No. 28] and opposes the requested relief. Upon review and having fully considered the input by the Government and input from the U.S. Probation Office, the Court DENIES Defendant's Motion.

On December 11, 2023, the Court sentenced Defendant to 36 months' probation. The applicable guideline range was 0 to 6 months' imprisonment and Defendant was eligible for probation for a period of not less than one year nor more than five years.

After serving less than half of his three years' probation, Defendant moves for early termination of probation. His request is governed by 18 U.S.C. § 3564(c) which provides that a court may "terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). In doing so, the court must "consider[ ] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id*.

Defendant states that he has been fully compliant with the terms, conditions and requirements of probation; has paid all court fines and fees and has completed at least 100 hours of volunteer work at Regional Food Bank of Oklahoma. He also is working full time "doing Amazon Flex and Domino delivery." Mot. at 2. He includes a letter from the General Manager of Domino's who writes in support of Defendant's request for early termination.

The Government opposes the Motion, arguing that neither Defendant's conduct, nor the interest of justice support early termination. The Government argues that Defendant's Motion merely demonstrates compliance with the terms of his probation, not new or changed circumstances not contemplated at sentencing that amount to exceptionally good behavior. Resp. at 4. Additionally, the Government argues that Defendant fails to adequately demonstrate how his current probationary status affects any of his future plans, i.e., resuming work as a doctor. The Court agrees. Notably, Defendant is not serving a period of supervised release after a period of incarceration. Rather, his term of probation is his sentence.

Defendant's conduct during his probation thus far is certainly commendable and the Court appreciates Defendant's dedication to reforming his life. But the Court finds that given the nature and gravity of Defendant's crime, to terminate his probationary sentence early based solely on his compliance with the terms of his probation would send the wrong message and not afford adequate deterrence. Moreover, the continued resources available to Defendant during his term of probation will serve him favorably in successfully

addressing his past substance abuse. Accordingly, the Court finds early termination would not be consistent with the factors under 18 U.S.C. § 3553(a).

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Probation [Doc. No. 25] is DENIED.

IT IS SO ORDERED this 18th day of November, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE